**In the Interest of T.C. and J.C.**

**No. 04–09–00126–CV.**

Court of Appeals of Texas,
San Antonio.

Aug. 31, 2009.

Manuel C. Rodriguez, Jr., Law Office of Manuel C. Rodriguez, Jr., San Antonio, TX, for Appellant.

Ina M. Castillo, Attorney at Law, Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, TX, for Appellee.

Christina L. Falkiewicz, Christina L. Falkiewicz, P.C., San Antonio, for Ad litem.

Sitting: SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

**OPINION**

Opinion by: SANDEE BRYAN MARION, Justice.

This is an appeal from the trial court's order terminating appellant's parental rights. After the trial court signed the termination order, appellant filed a Motion for New Trial and Statement of Appellate Points, in which appellant challenged the legal and factual sufficiency of the evidence in support of the findings on which the termination order was based. Following a hearing on the motion, the trial court denied the motion for new trial, sustained appellant's affidavit of indigence, and ruled that the appeal was frivolous. On appeal to this court, appellant again challenges the sufficiency of the evidence, as well as asserting he did not receive effective assistance of counsel.

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re M.R.J.M.,* 193 S.W.3d 670, 673 (Tex.App.-Fort Worth 2006, no pet.) (en banc). After reviewing the record from the new trial hearing, we are unable to determine whether the trial court acted within its discretion from that record alone. Therefore, we conclude a review of the reporter's record from the termination proceeding is necessary to determine whether the trial court abused its discretion. *See In re D.M.,* No. 04–08–00264–CV, 2008 WL 4500310, at *2 n. 2 (Tex.App.-San Antonio Oct. 8, 2008, no pet.); *In re M.R.J.M.,* 193 S.W.3d at 675–76; *In re S.T.,* 242 S.W.3d 923, 925 (Tex.App.-Waco 2008, no pet.); *M.C. v. Tex. Dep't of Family & Prot. Servs.,* 300 S.W.3d 300 (Tex.App.-El Paso 2008, no pet.). *But see In re R.C.R.,* No. 14–08–00904–CV, 2009 WL 997514, at *3 n. 4 (Tex.App.-Houston [14th Dist.] 2009, no pet.); *In re A.S.,* 239 S.W.3d 390, 391–93 (Tex.App.-Beaumont 2007, no pet.).

Accordingly, it is ORDERED that the court reporters shall, on or before thirty (30) days from the date of this opinion and order, and without cost to the appellant, prepare and file reporter's records containing all of the evidence admitted at the termination trial.[1]

---

1. *See* Tex.R.App. P. 34.6(d). This order does not require the court reporters to prepare reporter's records of any nonevidentiary portions of the trial, such as pretrial hearings,

voir dire, closing arguments, and post-    judgment proceedings.