TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00429-CV






Loni Barnett, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT

NO. 08-0027, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING





O R D E R


PER CURIAM

 Appellant Loni Barnett appeals from the trial court's ruling that her appeal of that
court's order terminating her parental rights to her three children is frivolous. The trial court signed
its termination order after a trial before the court. Barnett then filed a statement of points on appeal
with the trial court as required by statute. See Tex. Fam. Code Ann. § 263.405(b)(2) (West 2008). 
Barnett's filing also included a motion for a court-appointed attorney and a motion for a free
appellate record based on her indigent status. After a hearing on Barnett's statement of points and
motions (the "263.405 hearing"), the trial court signed an order finding that Barnett was indigent and
entitled to a court-appointed attorney on appeal, but also found that her appeal was frivolous and
therefore she was not entitled to a free reporter's record of the trial. On appeal to this Court, Barnett
argues that her points on appeal, which include challenges to the sufficiency of the evidence of the
statutory grounds for terminating her parental rights and improper admission of testimony by the
trial court, are not frivolous.

 We review a trial court's determination that an appeal is frivolous under an abuse of
discretion standard. In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.--San Antonio 2006, no pet.). 
However, reviewing a trial court's finding that an indigent party's evidentiary sufficiency appeal is
frivolous proves a peculiar and challenging undertaking for appellate courts. As an indigent party
is not entitled to a free trial record, the appellate court is often faced with a scenario in which, as
here, the court must determine whether a challenge to the sufficiency of the evidence is frivolous
without having the evidence itself--the reporter's record and exhibits from the trial--before it. The
difficulties inherent in such a situation are further exacerbated when the transcript of the
263.405 hearing contains little evidence on which the appellate court can rely in making its
determination. In this case, the 263.405 hearing consisted solely of argument by attorneys
representing the Texas Department of Family and Protective Services (TDFPS), Barnett, and
Barnett's children. While the statements of counsel for TDFPS included a summary of relevant
evidence introduced at trial, this summary was not supplemented by any live testimony, and no other
evidence of any kind was admitted by the trial court at the hearing. Accordingly, it is exceedingly
difficult for us to determine with any confidence whether Barnett's points, particularly evidentiary
sufficiency, are frivolous based on the record of the 263.405 hearing.

 A plurality of Texas appellate courts has determined that it is within the appellate
court's authority under the family code to order a copy of the reporter's record of the trial if the court
is unable to determine from the record of the 263.405 hearing whether the appeal is frivolous. See
Tex. Fam. Code Ann. § 263.405(g); see also In re J.J.C., No. 14-08-01074-CV, 2009 Tex. App.
LEXIS 8837, at *22-23 (Tex. App.--Houston [14th Dist.] Nov. 17, 2009, no pet. h.) (mem. op.)
(collecting cases). These courts reason that section 263.405(g) allows an appellate court reviewing
a trial court's determination of frivolousness to "render appropriate orders after reviewing the records
and appellate briefs, if any." Tex. Fam. Code Ann. § 263.405(g). Accordingly, when an appellate
court must determine whether a sufficiency of the evidence point is frivolous but cannot do so on
the record of the hearing, "an 'appropriate' order under section 263.405(g) is to order that the
reporters' records of all of the evidence . . . be prepared and filed . . . without advance payment by
appellants." In re M.R.J.M., 193 S.W.3d 670, 674 (Tex. App.--Fort Worth 2006, no pet.); see also
In re J.J.C., 2009 Tex. App. LEXIS 8837, at *22-23 (reasoning that ordering record was appropriate
because both TDFPS and trial court referred to evidence from trial on merits during
263.405 hearing); In re T.C., No. 04-09-00126-CV, 2009 Tex. App. LEXIS 6939, at *1
(Tex. App.--San Antonio Aug. 31, 2009, no pet.) (mem. op.) (ordering trial record because court
was "unable to determine whether the trial court acted within its discretion from th[e] record [of the
hearing] alone"); M.C. v. Texas Dep't of Family & Protective Servs., No. 08-08-00053-CV, 2008
Tex. App. LEXIS 9184, at *3 (Tex. App.--El Paso Dec. 11, 2008, no pet.) (mem. op.) (explaining
that court found it necessary to "order[] the court reporter to file the record from the trial on the
merits because [appellant]'s statement of points include challenges to the legal and factual
sufficiency of the evidence").

 While agreeing that appellate courts may order the trial record, the Waco Court of
Appeals takes this approach one step farther. In In re S.T., the Waco Court of Appeals held that an
appellate court not only has the discretion to order and review the reporter's record of the trial when
determining the frivolousness of evidentiary sufficiency appeals, but that the court must do so on due
process grounds. See 242 S.W.3d 923, 925 (Tex. App.--Waco 2008, no pet.). (1) 

 We agree with our sister courts that, under the family code, it is "appropriate" for an
appellate court to order the trial record when it is unable to determine from the record of the
263.405 hearing whether the appellant's appeal is frivolous. See Tex. Fam. Code Ann. § 263.405(g)
(allowing courts to enter "appropriate orders" when determining frivolousness of appeal). We
recognize that one court is "troubled" by the prospect of ordering the record, because "[i]f a parent
appealing from a termination of his or her rights can get a free record merely by challenging the
sufficiency of the evidence, section 263.405's frivolous appeal limitations will be easily
circumvented." See In re R.C.R., No. 14-08-00904-CV, 2009 Tex. App. LEXIS 2540, at *10-11
(Tex. App.--Houston [14th Dist.] Apr. 14, 2009, no pet.) (mem. op.). (2) But see In re J.J.C., 2009
Tex. App. LEXIS 8837, at *22-23 (same court ordering free trial record to determine frivolousness
of appeal). However, where the language of the statute allows for courts to order the record, such
action is appropriate in cases such as this, when for the reasons stated above we are unable to
conclude from the record before us whether Barnett's appeal is frivolous. 

 Accordingly, it is ORDERED that the court reporters shall, on or before
thirty (30) days from the date of this order, and without advance payment by the appellant,
prepare and file reporter's records containing all of the evidence admitted at the termination trial.


Before Chief Justice Jones, Justices Waldrop and Henson

Filed: January 14, 2010
1. The Beaumont Court of Appeals, on the other hand, specifically rejected the due process
approach in holding that a trial court may uphold a frivolousness finding based solely on summaries
of the evidence presented by counsel at the 263.405 hearing. See In re A.S., 239 S.W.3d 390, 393
(Tex. App.--Beaumont 2007, no pet.) (basing its frivolousness determination on fact that "[t]he
evidence described in the hearing does not present a substantial question for appellate review"). 
2. Such concerns, however, are more pronounced under the Waco Court's holding in In re
S.T., 242 S.W.3d 923, 925 (Tex. App.--Waco 2008, no pet.), that the appellate court must consider
the trial record than under the theory that courts may order the record when necessary.