Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-10-00180-CV

**IN THE INTEREST OF M.P.**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-00494
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:      Sandee Bryan Marion, Justice

Sitting:           Sandee Bryan Marion, Justice
                    Phylis J. Speedlin, Justice
                    Marialyn Barnard, Justice

Delivered and Filed:  July 21, 2010

AFFIRMED

This is an accelerated appeal from the trial court's order terminating the appellant's parental rights.  We affirm.

## GROUNDS FOR TERMINATION

On appeal, appellant's appointed counsel states he "cannot say the trial court abused its discretion by ruling [appellant's] points of appeal are frivolous."  After a review of the record from the new trial hearing, which provides a summary of the evidence admitted at the termination trial, we conclude the appeal is frivolous.

Appellant's parental rights were terminated based upon the trial court's findings that (1) appellant failed to complete his court-ordered family service plan; (2) appellant failed to

regularly visit the child during the pendency of the case; (3) appellant was unable to provide the child with a safe environment; and (4) termination was in the child's best interest. On appeal, appellant challenges the sufficiency of the evidence in support of only the first and second grounds.

At the new trial hearing, appellant's counsel asserted appellant was unable to initially complete some of the family plan provisions because he was on Methadone. However, once he "got off Methadone he always tested clean, had stable housing, stable employment, regularly paid child support and regularly visited his son." The attorney appearing for the child conceded appellant got off Methadone, but asserted appellant had "dirty drug tests" during that time. Counsel also stated appellant had not completed a parenting course, an empowerment course, or a drug assessment. Appellant only visited his child four times over a ten-month period. Counsel for the State added that appellant, who lived with his mother, had been told his current living situation with his mother, who herself is a convicted felon, as well as other people that might be in the home, was not an appropriate environment and he needed to find an alternative place to live. Appellant did not do so. Counsel noted that throughout the case appellant's "story" about where he worked changed and he never provided actual proof of where he worked. Although appellant's counsel characterized appellant as the "non-offending parent," counsel for the State pointed out appellant continued a relationship with the mother while she was using heroin and while he used heroin with her.

Based upon our review of the record from the new trial hearing, we conclude the evidence is legally and factually sufficient to support at least one of the statutory grounds of termination found by the trial court. Therefore, the trial court did not abuse its discretion in finding appellant's appeal frivolous.

**ASSISTANCE OF COUNSEL**

On appeal, appellant's counsel states: "Appellant's trial counsel requested that Appellant urge his ineffective assistance of counsel" claim; "[t]herefore, Appellant urges his trial counsel's ineffective assistance of counsel for the first time on appeal." Appellate counsel provides no argument in support of that claim and presents no allegations of the manner in which trial counsel was ineffective. Therefore, we overrule this issue.

**CONCLUSION**

We conclude the trial court did not abuse its discretion in determining appellant's appeal was frivolous. Therefore, we affirm the trial court's Order of Termination.

Sandee Bryan Marion, Justice