*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# OPINION

No. 04-10-00061-CV

**IN THE INTEREST OF J.J.L.**, J.M.L., L.M.E., G.X.E., Jr., and M.A.E.

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-00463
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 21, 2010

RECORD ORDERED

This is an appeal from the trial court's termination of appellant's parental rights.  Because the trial court found the appeal frivolous, appellant was not entitled to a free copy of the record from the termination trial.  Appellant's court-appointed appellate attorney filed a brief stating that after reviewing the record of the new trial hearing he could not say the trial court abused its discretion in determining appellant's appeal was frivolous, presumably because he could not review the record from the termination trial.  Therefore, appellate counsel urges this court to adopt a local rule requiring the filing of the full record from the trial on the merits in parental rights termination cases without the necessity of alleging trial counsel was ineffective.  We decline to do so in all cases for two reasons.

First, this court has held that a full record of the termination trial is not always necessary to ascertain whether a trial court has abused its discretion in determining an appeal is frivolous. *In re T.C.*, 299 S.W.3d 828, 828 (Tex. App.—San Antonio 2009, no pet.). A full record may be required only if "[a]fter reviewing the record from the new trial hearing, we are unable to determine whether the trial court acted within its discretion from that record alone." *Id.* In other words, if the record of the new trial hearing contains a summary of the evidence adduced at the termination trial, both in support of and contrary to the termination order, then a determination, based only upon the record of the new trial hearing, of whether the trial court abused its discretion is generally possible. This places an obligation on the attorneys for the State, the respondent(s), and any ad litems to present a full summary of the evidence adduced at the termination trial. Conclusory statements by counsel that the evidence was sufficient or insufficient are inadequate. And, trial courts should require attorneys to present a full summary of the evidence, even if the judge hearing the motion for new trial is the same judge who presided over the termination trial.

Second, we recognize appellants may raise ineffective assistance of counsel for the first time on appeal. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009). However, in order to obtain a free record on appeal, such a claim must be more than merely a conclusory statement that trial counsel was ineffective. Appellate counsel must present allegations of the manner in which trial counsel was ineffective and arguments in support of the claim before this court will consider ordering a free record to be filed.

In this case, the record from the new trial hearing contains no summary of the evidence adduced at trial. Instead, the record contains only conclusory statements by the attorneys that the evidence was either insufficient or sufficient. Therefore, based upon a review of only the record

from the new trial hearing, it is impossible to ascertain whether the trial court abused its discretion. Accordingly, a review of the reporter's record from the termination proceeding is necessary to determine whether the trial court abused its discretion. *In re T.C.*, 299 S.W.3d at 828.

It is therefore ordered that the court reporter shall, on or before thirty (30) days from the date of this opinion and order, and without cost to the appellant, prepare and file the reporter's record containing all of the evidence admitted at the termination trial.[1] We further deny appellant's motion to withdraw and strike appellant's brief filed on April 20, 2010 and order appellant to file a brief on whether the appeal is frivolous on or before twenty (20) days after the date the reporter's record is filed. Appellee's brief is ordered to be filed on or before twenty (20) days after the date appellant's brief on frivolity is filed.

Sandee Bryan Marion, Justice

---

[1] *See* TEX. R. APP. P. 34.6(d). This order does not require the court reporter to prepare a reporter's record of any nonevidentiary portions of the trial, such as pretrial hearings, voir dire, closing arguments, and post judgment proceedings.