



# OPINION

No. 04-10-00771-CV

**IN THE INTEREST OF E.M.M.M.**, A Child

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-02302
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 9, 2011

REPORTER'S RECORD ORDERED

The trial court terminated appellant mother's parental rights.  Thereafter, appellant filed a motion for new trial, a statement of appellant points, and an affidavit of indigency.  *See* TEX. FAM. CODE ANN. § 263.405(c) (West 2008) (requiring party intending to appeal final termination order to file statement of appellate points in trial court).  After a hearing, the trial court found appellant indigent, but also found the points on which she stated she intends to appeal to be frivolous.  *See id.* § 263.405(d)(3) (requiring trial court to hold hearing and determine whether the appeal is frivolous).  The reporter's record of the hearing was filed in this court.  Given the trial court's findings, we ordered appellant to file a brief on the issue of whether the appeal is frivolous.  *See id.* § 263.405(g).  In response, appellant filed a brief.  Instead of addressing the

issue of frivolity, however, appellant stated her intent to raise an ineffective assistance of counsel claim, which she asserted she could not properly raise or brief without a complete copy of the reporter's record from the trial.

This court has previously addressed an indigent appellant's entitlement to a complete reporter's record in termination cases wherein the appellant expresses an intent to raise an ineffective assistance of counsel claim and contends such claim cannot be properly raised without a complete record. *See In re J.J.L.*, No. 04-10-00061-CV, 2010 WL 2841863, at *1 (Tex. App.—San Antonio Jul. 21, 2010, no pet.); *In re M.P.*, No. 04-10-00180-CV, 2010 WL 2841857, at *1 (Tex. App.—San Antonio Jul. 21, 2010, no pet.). In those cases, we recognized an appellant may raise an ineffective assistance of counsel claim for the first time on appeal without having included the complaint in the statement of appellate points, but suggested an appellant would not be entitled to a complete reporter's record unless appellate counsel presented allegations of the manner in which the trial counsel was ineffective and argument in support of those allegations. *See id.* (citing *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009)). In other words, appellate counsel was required to do more than make a conclusory statement that trial counsel was ineffective. *See J.J.L.*, 2010 WL 2841863, at *1; *M.P.*, 2010 WL 2841857, at *1. Although we continue to believe this is the better practice, our reading of the supreme court's decision in *In re B.G.* compels this court to order a complete reporter's record whenever appellant expresses an intent to raise an ineffective assistance of counsel claim, even if in the form of a conclusory statement. *See In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010). In *B.G.*, the supreme court began by stating an indigent parent has a right to effective assistance of counsel in termination cases. *Id.* Given this right, the indigent parent is also entitled to a full record on appeal in the event an ineffective assistance of counsel claim is raised–even if not

included in the statutorily required statement of appellate points–because such a claim cannot be adequately presented in the absence of a full record, and depriving the parent of a complete reporter's record under such circumstances would deny the parent due process. *See id*. at 256-57.

Accordingly, although we recommend appellate counsel, when raising an ineffective of assistance of counsel claim in these situations, present allegations of the manner in which the trial counsel was ineffective and argument in support of the allegations, we hold an indigent parent who raises an ineffective assistance of counsel claim on appeal in a termination case is entitled to a complete reporter's record from the trial. We therefore order the court reporter in this case to file in this court a complete reporter's record of the trial, and we further order appellant to file a new brief once that record is filed.

Marialyn Barnard, Justice