OPINION

 

No. 04-10-00771-CV

 

IN THE INTEREST OF
E.M.M.M., A Child

 

From the 150th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009-PA-02302

Honorable Charles E. Montemayor,
Judge Presiding

 

Opinion by:   Marialyn
Barnard, Justice

 

Sitting:                     Catherine
Stone, Chief Justice

                     Karen Angelini,
Justice

                     Marialyn Barnard,
Justice

 

Delivered and
Filed:  February 9, 2011

 

REPORTER’S
RECORD ORDERED

 

The trial court
terminated appellant mother’s parental rights.  Thereafter, appellant filed a
motion for new trial, a statement of appellant points, and an affidavit of
indigency.  See Tex. Fam. Code
Ann. § 263.405(c) (West 2008) (requiring party intending to appeal final
termination order to file statement of appellate points in trial court).  After
a hearing, the trial court found appellant indigent, but also found the points
on which she stated she intends to appeal to be frivolous.  See id. § 263.405(d)(3) (requiring trial court to hold hearing and
determine whether the appeal is frivolous).  The reporter’s record of the
hearing was filed in this court.  Given the trial court’s findings, we ordered
appellant to file a brief on the issue of whether the appeal is frivolous.  See
id. § 263.405(g).  In response, appellant filed a brief.  Instead of
addressing the issue of frivolity, however, appellant stated her intent to
raise an ineffective assistance of counsel claim, which she asserted she could
not properly raise or brief without a complete copy of the reporter’s record
from the trial.  

This court has previously addressed an indigent
appellant’s entitlement to a complete reporter’s record in termination cases
wherein the appellant expresses an intent to raise an ineffective assistance of
counsel claim and contends such claim cannot be properly raised without a
complete record.  See In re J.J.L., No. 04-10-00061-CV, 2010 WL 2841863,
at *1 (Tex. App.—San Antonio Jul. 21, 2010, no pet.); In re M.P., No.
04-10-00180-CV, 2010 WL 2841857, at *1 (Tex. App.—San Antonio Jul. 21, 2010, no
pet.).  In those cases, we recognized an appellant may raise an ineffective
assistance of counsel claim for the first time on appeal without having
included the complaint in the statement of appellate points, but suggested an
appellant would not be entitled to a complete reporter’s record unless
appellate counsel presented allegations of the manner in which the trial
counsel was ineffective and argument in support of those allegations.  See
id. (citing In re J.O.A., 283 S.W.3d 336, 339 (Tex. 2009)).  In
other words, appellate counsel was required to do more than make a conclusory
statement that trial counsel was ineffective.  See J.J.L., 2010 WL
2841863, at *1; M.P., 2010 WL 2841857, at *1.  Although we continue to
believe this is the better practice, our reading of the supreme court’s
decision in In re B.G. compels this court to order a complete reporter’s
record whenever appellant expresses an intent to raise an ineffective
assistance of counsel claim, even if in the form of a conclusory statement.  See
In re B.G., 317 S.W.3d 250, 253-54 (Tex. 2010).  In B.G., the
supreme court began by stating an indigent parent has a right to effective
assistance of counsel in termination cases.  Id.  Given this right, the
indigent parent is also entitled to a full record on appeal in the event an
ineffective assistance of counsel claim is raised–even if not included in the
statutorily required statement of appellate points–because such a claim cannot
be adequately presented in the absence of a full record, and depriving the
parent of a complete reporter’s record under such circumstances would deny the
parent due process.  See id. at 256-57.  

Accordingly, although we
recommend appellate counsel, when raising an ineffective of assistance of
counsel claim in these situations, present
allegations of the manner in which the trial counsel was ineffective and
argument in support of the allegations, we hold an indigent parent who raises
an ineffective assistance of counsel claim on appeal in a termination case is
entitled to a complete reporter’s record from the trial.  We therefore order
the court reporter in this case to file in this court a complete reporter’s
record of the trial, and we further order appellant to file a new brief once
that record is filed.  

 

 

Marialyn Barnard, Justice