



# MEMORANDUM OPINION

No. 04-10-00571-CV

**IN THE INTEREST OF R.P.**, et al, Children

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA-01438
Honorable Richard Garcia, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  July 20, 2011

AFFIRMED

The trial court terminated Josefina N.'s parental rights to her children following a non-jury trial, and subsequently found an appeal by Josefina would be frivolous.  Josefina contends her appeal would not be frivolous because the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the children.  Because her complaint relates to the sufficiency of the evidence, Josefina also contends that a copy of the complete trial record is necessary for this court to properly review the trial court's ruling.  We overrule Josefina's contentions and affirm the trial court's order.

## STANDARD OF REVIEW

We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re M.N.V.*, 216 S.W.3d 833, 834 (Tex. App.—San Antonio 2006, no pet.). An appeal is frivolous when it lacks an arguable basis in law or in fact. *Id*. In deciding whether an appeal is frivolous, the trial judge may consider whether the appellant has presented a substantial question for appellate review. *Id.* at 834-35. Thus, the issue before this court is whether the trial court abused its discretion in determining that no substantial question was presented. *See In re K.D.*, 202 S.W.3d 860, 868 (Tex. App.—Fort Worth 2006, no pet.). If the evidence was such that the trial court could reasonably form a firm belief or conviction that termination was in the children's best interest, then we cannot find an abuse of discretion. *Id*.

## DISCUSSION

With regard to Josefina's contention that a complete record from the termination trial is necessary for appellate review of the trial court's ruling, this court has held that a full record of the termination trial is not always necessary to ascertain whether a trial court has abused its discretion in determining an appeal is frivolous. *See In re J.J.L.*, 327 S.W.3d 282, 284 (Tex. App.—San Antonio 2010, order). A full record may be required only if this court is unable to determine whether the trial court acted within its discretion from the record of the hearing on the motion for new trial and statement of appellate points. *Id*. If the record from that hearing contains a summary of the evidence adduced at the termination trial, then a determination of whether the trial court abused its discretion is generally possible based upon only that record.[1] *Id*.

---

[1] In her brief, Josefina also refers to the trial court's failure to file findings of fact and conclusions of law. However, a trial court's failure to file such findings is not reversible error if the record affirmatively shows that the requesting party was not harmed by their absence. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). The record in this case establishes the absence of harm. The record from the hearing on the motion for new trial and statement of appellate

In determining the best interest of the children, the trial court could consider a number of factors including: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals; (6) the plans for the child by these individuals; (7) the stability of the home; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *In re C.L.C.*, 119 S.W.3d 382, 399 (Tex. App.—Tyler 2003, no pet.). After reviewing the record from the hearing on the motion for new trial and statement of appellate points, we conclude that it contains a sufficient summary of the evidence presented at the termination trial to enable this court to hold the trial court did not abuse its discretion in finding Josefina's sufficiency challenge to be frivolous.

With regard to the children's desires and needs, the record established that the children did not wish to have contact with Josefina. One of the children, L.P., refused to exit the car when taken for one visit with Josefina, and the attempted visits caused him a lot of anxiety. The children want to be adopted by their foster parents and were already using the foster parents' last name. With regard to parental abilities and stability, the record established that Josefina is unable to take care of the children because of her mental health issues. Although two therapists testified at the termination trial about Josefina's love for her children and believed she should maintain contact with the children, Josefina's mental inability to care for the children was undisputed. Instead, the oldest child, R.P., was playing the mother role for the other children. Even Josefina's attorney could not advocate for Josefina to be appointed managing conservator

---

points was neither lengthy nor complicated, and the clerk's record contains two pages of the trial judge's handwritten notes from that hearing. Because the absence of findings of fact and conclusions of law did not prevent Josefina from presenting her case to this court, the trial court's failure to file such findings is harmless. *See id.*

of the children, but instead advocated for the Department to be appointed managing conservator so Josefina could maintain contact with the children. Josefina's mental health issues even prevented her from progressing and finishing the necessary counseling. Since the children have been in foster care, their behavior and their academics have greatly improved. The foster parents provide a stable home and take the children for regular visits with their maternal grandparents with whom the children wish to maintain contact. Although the trial judge may have taken additional time in making his rulings because he was sympathetic with regard to Josefina's condition, the factors the trial court was required to consider focus on the best interest of the child, not the parent's best interest. *In re C.L.C.*, 119 S.W.3d at 399; *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 86 (Tex. App.—Dallas 1995, no writ).

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice