*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




★ ★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-11-00165-CV

**IN THE INTEREST OF J.A.M.**, Jr., a Minor Child

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2010-03-27480-CV
The Honorable Cathy O. Morris, Associate Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:          Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   July 27, 2011

Desiree V. appeals the trial court's order finding that her appeal of the final order terminating her parental rights to her child, J.A.M., Jr., is frivolous. *See* TEX. FAM. CODE ANN. § 263.405(g) (West 2008). Following a jury trial, the trial court terminated the parent-child relationship between Desiree and J.A.M., Jr. based on two grounds of endangerment and a finding that termination was in the child's best interest. *See id.* § 161.001(1)(D),(E), (2) (West Supp. 2010). Desiree timely filed a motion for new trial and statement of appellate points raising multiple issues for appeal, including exclusion of an expert witness and ineffective assistance of counsel; Desiree also timely filed an affidavit of indigence. *See id.* § 263.405(b), (e) (West 2008). Following a hearing on the motion, the trial court orally denied the motion for new trial and ruled that the appeal is frivolous. Desiree timely filed a notice of appeal. Because the trial

court found the appeal frivolous, Desiree was only entitled to a free reporter's record from the motion for new trial hearing, not a full reporter's record from the termination trial. *See id.* § 263.405(g). We ordered briefing on the issue of whether the appeal is frivolous.

Desiree's appellant's brief asserts that her appeal is not frivolous because (1) the trial court had no authority to find the appeal frivolous because the court did not timely hold the motion for new trial hearing and did not render its written order within thirty-six days after the final termination order, and (2) the complaint that the court erred in excluding the medical expert's testimony is not frivolous; Desiree also asserts her trial counsel provided ineffective assistance by failing to designate the medical expert as a witness on behalf of Desiree. The Department of Family and Protective Services filed a brief in response asserting that the trial court did not lose jurisdiction and that the appeal is frivolous.

As an initial matter, we address the jurisdictional issues raised by Desiree. *See Tex. Nat'l Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002) (subject matter jurisdiction is question of law which is reviewed de novo). Specifically, Desiree asserts the trial court had no jurisdiction to find her appeal frivolous because (1) it did not hold the motion for new trial hearing within thirty days after the final termination order, and (2) it did not render its written order denying the motion for new trial, finding the appeal frivolous, and ruling on her claim of indigence until after the thirty-sixth day after the final termination order. With respect to the motion for new trial hearing, section 263.405(d) provides the trial court "shall hold a hearing not later than the 30th day after the date the final order is signed" to consider whether a new trial should be granted, whether the party is indigent, and whether the appeal is frivolous. *See* TEX. FAM. CODE ANN. § 263.405(d). It does not state the effect of a late hearing or provide a remedy. *See id.* With respect to the date of the written order, section 263.405(e) provides that

"[i]f the court does not render a written order denying the claim of indigence . . . before the 36th day after the date the final order being appealed is signed, the court shall consider the person to be indigent . . . ." *See id.* § 263.405(e). Except for the presumption of indigence if no order is signed by the 36th day, the statute does not address the effect of a written order that is signed more than thirty-six days after the final termination order.[1]

Here, the trial court conducted the required section 263.405 hearing, but not until March 22, 2011, more than thirty days after the February 16, 2011 final termination order. The court orally denied the motion for new trial and ruled that Desiree's appeal is frivolous at the conclusion of the hearing, but did not sign its written order making the findings required by section 263.405(d) until May 3, 2011, seventy-six days after the final termination order. The trial court has plenary power to grant a new trial, or to vacate, modify, correct or reform the judgment, for thirty days after the date the final judgment is signed. TEX. R. CIV. P. 329b(d). In addition, a timely filed motion for new trial extends the trial court's plenary power for thirty days *after* the motion for new trial is overruled, whether by written order or by operation of law on the 75th day after the judgment was signed. TEX. R. CIV. P. 329b(c), (e). "The Family Code . . . does not purport to eliminate post-trial motions or otherwise constrict the trial court's plenary power." *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005). The procedural requirements of section 263.405 must be construed in light of the rules of civil and appellate procedure. TEX. FAM. CODE ANN. § 109.002(a) (West 2008); *id.* § 263.405(a) (appeal of final termination order is governed by rules for accelerated appeals); *In re M.N.*, 262 S.W.3d 799, 803 (Tex. 2008) (holding Texas Rule of Civil Procedure 5 permits trial court to extend deadline for filing statement of points

---

[1] Desiree's complaint on appeal concerning the court's failure to rule on her claim of indigence is moot because she was deemed indigent under the statute in the absence of a written order within 36 days of the final termination order. *See* TEX. FAM. CODE ANN. § 263.405(e). Further, Desiree's indigence was not contested, and the trial court's written order signed on May 3, 2011 sustains her claim of indigence.

upon showing of good cause). Indeed, the Supreme Court has recognized that a timely filed motion for new trial under section 263.405 extends the trial court's plenary power, as provided by Rule of Civil Procedure 329b(e). *See In re J.L.*, 163 S.W.3d at 82 (holding trial court's modification of its judgment during its extended plenary power had effect of re-starting timetable for filing notice of appeal in accelerated termination case). Therefore, we conclude that Desiree's timely filed motion for new trial extended the trial court's plenary power beyond May 3, 2011,[2] when the trial court signed its written order ruling on the frivolousness of the appeal; similarly, the trial court had plenary power to conduct the motion for new trial hearing on March 22, 2011, even though it was more than thirty days after the final termination order, in contravention of section 263.405(d)'s procedural requirement. *See In re A.V.*, No. 04-10-00898-CV, 2011 WL 2712746 (Tex. App.—San Antonio July 13, 2011, no pet. h.). Accordingly, the trial court had jurisdiction to find that Desiree's appeal is frivolous.

Next, we turn to the issue of whether Desiree's substantive issues on appeal are frivolous. We review a trial court's determination that an appeal is frivolous under an abuse of discretion standard. *In re T.C.*, 299 S.W.3d 828, 828 (Tex. App.—San Antonio 2009, no pet.). After reviewing the clerk's record and the reporter's record from the motion for new trial hearing, we are unable to determine from that limited record whether the trial court abused its discretion in finding Desiree's appeal frivolous. *See id.*; *see also In re J.J.L.*, 327 S.W.3d 282, 284 (Tex. App.—San Antonio 2010, no pet.). Therefore, a review of the complete reporter's record from the parental termination proceedings is necessary and appropriate. *See In re J.J.L.*, 327 S.W.3d at 284. Moreover, it is also appropriate to order a complete reporter's record of the termination proceedings in view of Desiree's expressed intent to raise an ineffective assistance of counsel

---

[2] The trial court's plenary power expired on June 1, 2011, one hundred five days after the date on which the final termination order was signed. *See* TEX. R. CIV. P. 329b(c), (e); *In re Provine*, 312 S.W.3d 824, 829 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (trial court's maximum plenary power is 105 days after judgment is signed).

claim on appeal. *See In re B.G.*, 317 S.W.3d 250, 253-54 (Tex. 2010); *In re E.M.M.M.*, No. 04-10-00771-CV, 2011 WL 484299, at *2 (Tex. App.—San Antonio Feb. 9, 2011, no pet.).

Accordingly, it is ORDERED that the court reporter shall, on or before thirty (30) days from the date of this opinion and order, and at no cost to Desiree, prepare and file a complete reporter's record of the termination proceedings. *See* TEX. R. APP. P. 34.6(d). It is further ORDERED that an appellant's brief fully presenting the merits of Desiree's appellate issues is due within twenty (20) days after the date the complete reporter's record is filed in this court. The appellee's brief in response will be due twenty (20) days after the date the appellant's brief is filed.

Phylis J. Speedlin, Justice