**Affirm in part, Reverse in part, and Remand; Opinion Filed September 18, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00392-CV

### IN THE INTEREST OF A.F. AND C.F., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 17-132-W**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Stoddart
Opinion by Justice Lang

Appellant C.G.F. ("Father") appeals the trial court's order terminating his parental rights respecting two of his children, A.F. and C.F. ("the children").[1] In his sole issue on appeal, Father contends he was denied effective assistance of counsel.

We decide Father's issue in his favor. We reverse the portion of the trial court's order terminating Father's parental rights and remand this case to the trial court for a new trial respecting termination of those rights. The trial court's order is otherwise affirmed.

### I. FACTUAL AND PROCEDURAL CONTEXT

On February 16, 2017, appellee the Texas Department of Family and Protective Services ("the Department") filed an original petition for protection and conservatorship of the children

---

[1] In this opinion, we use initials to identify appellant and his two children. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b).

and termination of Father's parental rights.[2]  The grounds alleged for termination of Father's parental rights included, in part, that Father had "knowingly placed or knowingly allowed the child[ren] to remain in conditions or surroundings which endanger the physical or emotional well-being of the child[ren]" and/or "engaged in conduct or knowingly placed the child[ren] with persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]."  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D)–(E) (West Supp. 2016).  Also, the Department alleged Father's parental rights should be terminated pursuant to section 161.003 of the family code because Father "has a mental or emotional illness or a mental deficiency that renders [him] unable to provide for the physical, emotional, and mental needs of the child . . . , despite at least six months of reasonable efforts to return the child the [sic] parent."  *See id*. § 161.003.  The request for conservatorship was based in part on family code sections 153.131 and 263.404.  *See id*. §§ 153.131, 263.404.  Further, the petition stated in part (1) "[i]f a parent responds in opposition to this suit . . . [and] the Court determines that the parent is indigent, the appointment of an attorney ad litem to represent the interests of that parent is required by § 107.013, Texas Family Code,"  and (2) "[i]f termination of parental rights is sought due to the inability of a parent to provide for the physical, emotional, and mental needs of the children due to mental or emotional illness or deficiency, the appointment of an attorney ad litem to represent the parent is required by § 161.003(b), Texas Family Code."  *See id.* §§ 107.013, 161.003(b).

The trial court signed a February 17, 2017 "Ex Parte Order for Emergency Care and Temporary Custody" in which it appointed the Department temporary managing conservator of the children "until a hearing can be held" and stated in part, "If the court determines you are indigent and eligible for appointment of an attorney, the court will appoint an attorney to represent you."  Also, in a separate order on that same date, the trial court found Father indigent

---

[2] The children's mother is deceased.

and appointed an attorney to "represent" him. Specifically, that order directed Father's court-appointed attorney as follows:

> Pursuant to Texas Family Code you are hereby appointed to represent the parent of the child(ren) who is indigent.
>
> You are hereby ORDERED to make contact with your client within twenty-four hours from today to complete the attached indigence form and shall file the completed form along with responsive pleadings with the court within seventy-two hours from today.
>
> Such appointment continues until released by the Court. Such appointment concludes upon entry of a final order. The next hearing is scheduled for 3/2/17 . . . .

Father did not attend the March 2, 2017 hearing. At the start of that hearing, Father's counsel, appointed pursuant to the above order, identified himself on the record and stated he was "representing the respondent father." Then, the following exchange occurred between the trial court and Father's court-appointed attorney:

| THE COURT: | Have you had contact with your client? |
| --- | --- |
| [COUNSEL]: | I have had phone contact with him, Judge. It was difficult to communicate. Didn't show up the first time. Second time, he called. I had a conversation. Failed to show at that time. Both occasions I told him about today's settings and tried to communicate with him. It was a little difficult so I expected him to be here. I know he knew about the hearing. |
| THE COURT: | All right. I'm going to release you. If he appears, I will reappoint you. |

Following that exchange, (1) counsel for the Department stated to the trial court that Father "has been served" and (2) a Department caseworker testified respecting the allegations in the petition. At the conclusion of the hearing, the trial court signed a March 2, 2017 order in which it (1) directed that the Department was to remain as temporary managing conservator of the children; (2) set a "prove-up status hearing" for April 7, 2017; (3) stated "[t]he Court finds that . . . appointment of an attorney ad litem for this parent is required by § 161.003(b), Texas Family Code," and "[t]he Court therefore appoints [Father's court-appointed attorney described

–3–

above] as attorney ad litem to represent the interests of this parent"; and (4) ordered Father to complete parenting classes, a psychological evaluation, counseling, drug and alcohol assessment, and random drug testing, and comply with any service plan of the Department during the pendency of this lawsuit. Subsequently, the Department prepared a "Family Service Plan," which was signed by Father on March 15, 2017.

A "Status Report to the Court" was filed by the Department on April 4, 2017. Therein, the Department stated in part, "[Father] has participated in his psychological evaluation. [Father] has not imitated [sic] any other services. [Father] is in contact with caseworker as it relates to his case. [Father] has maintained regular visits with his children."

On April 12, 2017, a "prove-up" hearing was held. Father did not appear in person or through counsel at that hearing. A supervisor for the Department testified Father "was previously personally served with the State's petition, has not filed an answer or appeared, and is wholly in default." Additionally, that supervisor testified (1) "[Father] was arrested for DWI and the kids said that they didn't have anything to eat, and they made allegations that there was physical abuse happening in the home"; (2) "there were concerns that [Father] was smoking synthetic marijuana in front of the children"; (3) "there are also concerns at some point in time that [Father] had threatened to kill the children in the home"; (4) "there were allegations that the parents had been divorced because of abuse in the home"; and (5) to the supervisor's knowledge, Father has not "visited or maintained any type of significant contact" during the time the children have been in foster care. Then, the trial Court stated in part,

> The Court finds that based on the testimony the father has committed the conduct as defined in [Texas Family Code] Chapter 161.001(b)(1)(D) and (E) and that termination of the parent-child relationship between father and the child is in the best interest of the children. The Court will note for record purposes the hall was called three times and there was no response, and that the father is made wholly in default.

–4–

The trial court signed an April 12, 2017 "Order of Termination" in which it (1) terminated Father's parental rights; (2) appointed the Department permanent managing conservator of the children; (3) stated findings in support of those rulings; and (4) stated that on March 2, 2017, Father's "court ordered ad litem" was "relieved of all duties based on a finding of good cause." This appeal timely followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Applicable Law

Family code section 107.001 defines "attorney ad litem" as "an attorney who provides legal services to a person . . . and who owes to the person the duties of undivided loyalty, confidentiality, and competent representation." FAM. CODE § 107.001(2). Section 107.013 of that code provides in part that in a lawsuit for protection of a child filed by a governmental entity in which termination of the parent-child relationship or the appointment of a conservator for the child is requested, "the court shall appoint an attorney ad litem to represent the interests of . . . an indigent parent of the child who responds in opposition to the termination or appointment." *Id.* § 107.013(a)(1); *see also id.* § 107.0131(a)(1)(H) (attorney ad litem appointed for parent shall "abide by the parent's objectives for representation"). Further, an attorney ad litem appointed under section 107.013 "continues to serve in that capacity until . . . the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record." *Id.* § 107.016(2); *see also In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("Courts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client.").

Section 161.003 of the family code is titled "Involuntary Termination: Inability to Care for Child" and applies when termination of parental rights is sought due to the inability of a parent to provide for the physical, emotional, and mental needs of a child due to mental or

emotional illness or deficiency. *See* FAM. CODE § 161.003. That section states in part, "Immediately after the filing of a suit under this section, the court shall appoint an attorney ad litem to represent the interests of the parent against whom the suit is brought." *Id*. § 161.003(b). Further, "[a]n attorney appointed under [subsection 161.003(b)] shall represent the parent for the duration of the suit unless the parent, with the permission of the court, retains another attorney." *Id*. § 161.003(d).

An indigent parent's statutory right to counsel in a parental-rights termination case encompasses the right to effective counsel. *See, e.g.*, *In re N.B.*, No. 05-15-00671-CV, 2015 WL 6437681, at *4 (Tex. App.—Dallas Oct. 23, 2015, pet. denied) (mem. op.) (citing *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003)). Generally, when evaluating a claim of ineffective assistance of counsel in such cases, we employ the familiar test described in *Strickland v. Washington*, 466 U.S. 668 (1984). *See In re M.S.*, 115 S.W.3d at 544–45. Under the *Strickland* test, "proving ineffective assistance of counsel requires a showing that (1) counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, which 'requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *In re H.R.M.*, 209 S.W.3d 105, 111 (Tex. 2006) (quoting *Strickland*, 466 U.S. at 687). In determining whether counsel's performance is deficient, we must take into account all of the circumstances surrounding the case and focus on whether counsel performed in a reasonably effective manner. *In re M.S.*, 115 S.W.3d at 545. We give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. Conduct constitutes ineffective assistance of counsel only if it is so outrageous that no competent attorney would have engaged in it. *Id*. Also, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively

demonstrate the alleged ineffectiveness." *In re N.B.*, 2015 WL 6437681, at \*4 (quoting *In re A.A.*, No. 05-07-01698-CV, 2008 WL 2514346, at \*2 (Tex. App.—Dallas June 25, 2008, no pet.) (mem. op.)). To show prejudice, the parent must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *In re A.C.M.*, No. 05-15-01069-CV, 2016 WL 692827, at \*2 (Tex. App.—Dallas Feb. 22, 2016, no pet.) (mem. op.) (citing *In re M.S.*, 115 S.W.3d at 544–45).

Further, in *United States v. Cronic*, 466 U.S. 648 (1984), a case involving a criminal prosecution, the Supreme Court identified "three situations implicating the right to counsel that involved circumstances 'so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" *Bell v. Cone*, 535 U.S 685, 695 (2002) (quoting *Cronic*, 466 U.S. at 658–59). These three situations occur when (1) the accused is "denied counsel at a critical stage of his trial," (2) "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or (3) circumstances at trial are such that, although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *Cronic*, 466 U.S. at 659–60.

Based on *Cronic*, a presumption of prejudice may be warranted as to an ineffective assistance of counsel complaint in a parental-rights termination case if an indigent parent was denied counsel at a "critical stage" of the litigation or counsel failed to subject the Department's case to appropriate adversarial testing. *See, e.g., In re K.B.*, No. 05-17-00428-CV, 2017 WL 4081815, at \*7 (Tex. App.—Dallas Sept. 15, 2017, no pet. h.) (mem. op.); *In re J.M.O.*, 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.); *Lockwood v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00062-CV, 2012 WL 2383781, at \*5 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.); *see also P.W. v. Dep't of Family & Protective Servs.*, 403 S.W.3d 471

(Tex. App.—Houston [1st Dist.] 2013, pet. dism'd w.o.j.) (concluding that because record did not show "actual or constructive denial of counsel," *Cronic* standard was inapplicable); *In re V.V.*, 349 S.W.3d 548, 560 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (same); *In re G.H., Jr.*, No. 12-16-00327-CV, 2017 WL 2464694, at *3 (Tex. App.—Tyler June 7, 2017, no pet.) (mem. op.) (same); *Middleton v. Tex. Dep't of Protective & Regulatory Servs.*, No. 03-03-00766-CV, 2005 WL 1115957, at *2 (Tex. App.—Austin May 12, 2005, pet. denied) (mem. op.) (same). "In such circumstances, '[n]o specific showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.'" *Lockwood*, 2012 WL 2383781, at *5 (quoting *Cronic*, 466 U.S. at 659). "[T]he differences in the *Strickland* and *Cronic* standards are not of degree, but of kind." *In re G.H., Jr.*, 2017 WL 2464694, at *3 (citing *Bell*, 535 U.S. at 697). "In other words, the standards distinguish between shoddy representation and no defense at all." *Id.*

Texas Rule of Civil Procedure 239 provides in part that "at any time after a defendant is required to answer, the plaintiff may . . . take judgment by default against such defendant if he has not previously filed an answer." TEX. R. CIV. P. 239; *accord In re S.K.A.*, 236 S.W.3d 875, 894–95 (Tex. App.—Texarkana 2007, pet. denied).

### B. Application of Law to Facts

In his issue on appeal, Father asserts "[i]t was ineffective assistance of counsel for Appellant's ad litem attorney not to have filed responsive pleadings including an answer prior to his release from his duties." Specifically, according to Father, (1) "[t]he appointment order commanded counsel to file responsive pleadings on Appellant's behalf with [sic] 72 hours"; (2) "[t]aking court ordered action such as filing an answer was within the typical range of expected duties of Appellant's attorney in a termination case"; (3) "[b]y counsel's failure to timely file an answer and responsive pleadings, he failed to exercise the standard of care of a

reasonably prudent attorney in the same position"; (4) as a result of counsel's failure to timely file responsive pleadings on his behalf, Appellant "lost his right to continued representation"; and (5) "[h]ad a responsive pleading, namely an answer, been filed as ordered by the trial court, Appellant would not have had his parental rights terminated by default on April 12, 2017."

The Department responds that Father "has failed to overcome the strong presumption of reasonably effective assistance." According to the Department, (1) "[t]he record in this case is silent about trial counsel's reasons for the challenged conduct"; (2) "accordingly, this Court should presume that the challenged action might be considered sound trial strategy"; and (3) "the record does not show that counsel's challenged conduct was so outrageous that no competent attorney would have engaged in it." Specifically, the Department argues in part,

> The scant record before this Court demonstrates that trial counsel had difficulty in communicating with Appellant. Counsel attempted to set up two in-person interviews, but Appellant did not appear for either meeting. While addressing the [trial] court, counsel did not assert that Appellant desired to contest the Department's petition. A reasonable inference from this omission is that trial counsel had not had an opportunity to ascertain Appellant's desires regarding his children. Therefore, filing an answer would have been premature and would have waived Appellant's ability to challenge service of the Department's petition.
>
> Additionally, Appellant argues that trial counsel was under court order to file a response within seventy-two hours of appointment. Despite this order, a defendant has the right to file his answer any time before a judgment by default has been actually announced by the court.

(citations omitted). In support of those arguments, the Department cites two cases. *See Phillips v. Dallas Cty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied); *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818, 819 (Tex. App.—El Paso 1987, writ ref'd n.r.e.). Further, the Department contends that "[b]ecause [Father] failed to establish deficient performance under the first prong of *Strickland*, a review for prejudice under the second prong is not required."

As a threshold matter, we note that Father's complaint respecting ineffective assistance of counsel was not asserted in the trial court. However, several of our sister courts have concluded

–9–

an ineffective assistance of counsel complaint in a parental-rights termination case may be raised for the first time on appeal. *See In re L.C.W.*, 411 S.W.3d 116, 127 (Tex. App.—El Paso 2013, no pet.) (citing *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009)); *Doe v. Brazoria Cty. Child Protective Servs.*, 226 S.W.3d 563, 576 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re K.K.*, 180 S.W.3d 681, 683–84 (Tex. App.—Waco 2005, no pet.); *In re E.M.M.M.*, 340 S.W.3d 767, 768 (Tex. App.—San Antonio 2011, no pet.); *see also Massaro v. U.S.*, 538 U.S. 500, 508 (2003) (stating there "may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal" and "may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte*"). Based on that authority, we conclude Father is not precluded from asserting his complaint of ineffective assistance of counsel for the first time on appeal.

With respect to the first prong of *Strickland*, i.e., deficient performance of counsel, the record shows that on February 17, 2017, the trial court found Father indigent, appointed a "court ordered ad litem" for Father "[p]ursuant to the Texas Family Code" without describing any specific section of that code, and ordered that attorney to "file . . . responsive pleadings with the court within seventy-two hours from today." At the March 2, 2017 hearing, Father's attorney ad litem stated he "had phone contact" with Father, "tried to communicate with him," and "expected him to be here." The reporter's record of that hearing does not show that any "finding of good cause" for relieving Father's attorney ad litem of his duties was "rendered by the court on the record" at the hearing. *See* FAM. CODE § 107.016(2); *In re E.A.F.*, 424 S.W.3d 742, 748–49 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (where trial court "released" attorney ad litem in parental-rights termination case based on father's statement at hearing that he wanted to represent himself, attorney ad litem was not properly relieved of his duties by trial court because no finding of good cause was rendered by trial court on the record). However, the trial court

–10–

"released" Father's attorney at the March 2, 2017 hearing, stating the attorney would be reappointed if Father "appears." Then, in its order immediately following that hearing, the trial court stated in part that it "finds that . . . appointment of an attorney ad litem for this parent is required by § 161.003(b), Texas Family Code" and "therefore appoints [Father's court-appointed attorney described above] as attorney ad litem to represent the interests of this parent." Father's attorney ad litem did not file a responsive pleading, seek clarification of the inconsistency between the trial court's "releasing" him and the subsequent March 2, 2017 order appointing him as attorney ad litem for Father pursuant to section 161.003(b), or provide any representation subsequent to the March 2, 2017 hearing.

Unlike the case before us, neither of the above-described cases cited by the Department involved an order to file a responsive pleading. *See Phillips*, 197 S.W.3d at 865 (concluding mother in parental-rights termination proceeding waived any defect in service when answer was filed by her attorney ad litem and therefore mother was not excused from showing all three requirements for bill of review following default judgment); *Dowell Schlumberger*, 730 S.W.2d at 819 (concluding defendant could avoid default judgment by filing answer during evidentiary hearing held after time period for filing answer had expired). Therefore, we do not find those cases instructive. Further, as described above, the noncompliance of Father's attorney with the trial court's February 17, 2017 order requiring him to file a responsive pleading gave rise to a lack of "continued representation" in all subsequent stages of the case. Therefore, we cannot agree with the Department's position that such noncompliance "might be considered sound trial strategy." *See Lockwood*, 2012 WL 2383781, at *6 ("there is no plausible strategic reason for trial counsel's failure to appear at a critical stage of litigation and subject the Department's case to appropriate adversarial testing"). On this record, we conclude Father has satisfied his burden

–11–

under the first prong of *Strickland* to show that counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687.

As to prejudice, Father argues in part that as a result of counsel's failure to timely file a responsive pleading on his behalf, he "lost his right to continued representation." We construe Father's argument to assert he was constructively denied counsel at a critical stage of the litigation. *See Cronic*, 466 U.S. at 659; TEX. R. APP. P. 38.9 (titled "Briefing Rules to be Liberally Construed"); *see also In re J.R.*, No. 04-14-00788-CV, 2015 WL 2124801, at *3 (Tex. App.—San Antonio May 6, 2015, no pet.) (mem. op.) (construing father's contention that he was "unrepresented by counsel" to assert that he was presumptively prejudiced for purposes of *Strickland* test, although father did not cite "*Cronic* or its progeny"). The record shows that subsequent to counsel's noncompliance with the trial court's order in question, counsel was "released" by the trial court on March 2, 2017, and Father was without representation at all times thereafter, including during the April 12, 2017 hearing at which a default judgment was rendered. As described above, when an indigent parent is denied counsel at a "critical stage" of the litigation or his counsel fails to subject the Department's case to appropriate adversarial testing, "'[n]o specific showing of prejudice [is] required,' because 'the adversary process itself [is] presumptively unreliable.'" *Lockwood*, 2012 WL 2383781, at *5 (quoting *Cronic*, 466 U.S. at 659); *see also In re M.N.*, No. 04-15-00368-CV, 2015 WL 7563812, at *3–4 (Tex. App.—San Antonio Nov. 25, 2015, no pet.) (mem. op.) (where trial respecting termination of parental rights proceeded without presence of parent or appointed counsel, adversary process was "presumptively unreliable" and no specific showing of prejudice was required) (citing *In re J.M.O.*, 459 S.W.3d at 94). On this record, we conclude the adversarial process employed in this case was so unreliable that a presumption of prejudice is warranted. *See Cronic*, 466 U.S. at 469; *In re K.B.*, 2017 WL 4081815, at *7; *Lockwood*, 2012 WL 2383781, at *5.

We decide in favor of Father on his issue. Further, on this record, we conclude a remand to the trial court for a new trial respecting termination of Father's parental rights is appropriate. *See Lockwood*, 2012 WL 2383781, at *6 (reversing termination of mother's parental rights and remanding case for further proceedings where adversarial process employed was "presumptively unreliable"); TEX. R. APP. P. 43.3 (requiring this Court to render judgment upon reversal, except when "remand is necessary for further proceedings" or "the interests of justice require a remand for another trial"); *see also Knapp v. Wilson N. Jones Mem'l Hosp.*, 281 S.W.3d 163, 176 (Tex. App.—Dallas 2009, no pet.) ("Appellate courts have broad discretion to remand a case for a new trial in the interest of justice. . . . Remand is appropriate when, for any reason, a case has not been fully developed.").

However, in his brief on appeal, Father does not challenge, address, or mention the trial court's appointment of the Department as permanent managing conservator of the children. Therefore, on this record, we conclude reversal of the portion of the trial court's order appointing the Department as the children's permanent managing conservator is not warranted. *See In re J.A.J.*, 243 S.W.3d 611, 616–17 (Tex. 2007) (concluding that because request for conservatorship was based in part on family code section 153.131, challenge to Department's appointment as child's managing conservator was not subsumed in parent's challenge to termination of parental rights, but rather must be asserted independently on appeal); *In re A.L.H.*, 468 S.W.3d 738, 747 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (same); *In re B.R.*, 456 S.W.3d 612, 618 (Tex. App.—San Antonio 2015, no pet.) (same); *In re R.S.D.*, 446 S.W.3d 816, 822 (Tex. App.—San Antonio 2014, no pet.) (same); *In re C.D.E.*, 391 S.W.3d 287, 301 (Tex. App.—Fort Worth 2012, no pet.) (same).

# III. CONCLUSION

We decide Father's issue in his favor. We reverse the portion of the trial court's order terminating Father's parental rights and remand this case to the trial court for a new trial respecting termination of Father's parental rights, to commence no later than 180 days after the mandate is issued by this Court. *See* TEX. R. APP. P. 28.4(c). The trial court's order is otherwise affirmed.


170392F.P05

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.F. AND C.F., CHILDREN

No. 05-17-00392-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. 17-132-W.
Opinion delivered by Justice Lang, Justices Myers and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order terminating the parental rights of appellant Christian Geriel Foy Sr. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this case to the trial court for a new trial respecting termination of appellant's parental rights to commence no later than 180 days after the mandate is issued by this Court. *See* TEX. R. APP. P. 28.4.

Judgment entered this 18th day of September, 2017.